UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GEORGE COLE | * | CIVIL DOCKET NO. |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| GREAT WEST CASUALTY COMPANY, SCOTT JULIUS, AND JULIUS TRUCKING | * * | MAG: |

*****************************************************************************

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant, Great West Casualty Company, ("Defendant"), with full reservation of any and all defenses, objections, and exceptions, hereby gives notice of the removal of this civil action from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.  As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  As grounds for this removal, Defendant respectfully represents that:

**BACKGROUND**

1.

This action commenced against Defendant in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, when Plaintiff filed his Petition for Damages on March 18, 2022, said action being designated as Case No. 716932, C ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

2.

Great West Casualty Company was served with the Petition setting forth Plaintiff's claims for relief on April 1st, 2022. True and correct copies of all process and pleadings served upon Defendant in said action are attached as Exhibit "A". This Notice is therefore timely under 28 U.S.C. § 1446(b).

3.

This lawsuit arises out of an alleged accident on March 19, 2021, wherein Plaintiff, George Cole, claims he was operating a 2003 Yukon motor vehicle westbound on I-110 in East Baton Rouge Parish, and an accident occurred when defendant Scott Julius improperly merged into petitioner's lane, causing a collision between the vehicles. *See* Petition for Damages contained in Exhibit "A," at ¶¶ III.

4.

Plaintiff alleges that at the time of the wreck, Great West Casualty Company provided a policy of liability insurance covering Scott Julius and the 2013 International Semi-Truck with a 2015 Mac Flat vehicle that he operated at the time of the accident. *See* Petition for Damages contained in Exhibit "A," at ¶ II.

5.

Plaintiff alleges that Julius Trucking is a foreign insurer authorized to do and doing business in the State of Louisiana. *See* Petition for Damages contained in Exhibit "A," at ¶ II.

## JURISDICTIONAL BASIS FOR REMOVAL

6.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendants.

A.     **The Amount in Controversy is Satisfied**

7.

Plaintiff alleges that as a result of the various acts of negligence on the part of Defendants, he is entitled to recover for past, present, and future, mental and physical pain and suffering, a loss of enjoyment of life, and medical expenses. *See* Petition for Damages contained in Exhibit "A" at ¶ VI. Finally, Plaintiff seeks to recover all litigation expenses and costs and all other forms of relief provided by law. *See* Petition for Damages contained in Exhibit "A" at ¶ "WHEREFORE."

8.

Medical records submitted by plaintiff indicate that as a result of his injuries, he sought medical treatment for neck pain and radiating back pain. Plaintiff began receiving chiropractic treatment after the accident. The records received to date indicate that, as of November 5, 2021, Plaintiff has incurred medical bills in the amount of $32,984.39.  Additionally, Plaintiff underwent a Lumbar MRI which allegedly revealed an L4-L5 peripheral disc bulge and facet hypertrophy. The MRI also revealed L3-L4 facet effusions and facet hypertrophy and mild left foraminal narrowing. Plaintiff also underwent a Cervical Spine MRI which allegedly revealed extensive cord deformity at C4-C5. This MRI also revealed moderate left foraminal narrowing at C6-C7. Plaintiff has undergone bilateral L3-4, L4-5 Medial Branch Blocks as well as a Bilateral L3-4, L4-5 facet joint radiofrequency ablation. Plaintiff has been recommended for an annular Radiofrequency

Ablation once a year for the next five to seven years, the estimated cost of which totals $79,646.00. Furthermore, Plaintiff has treated with an orthopedic surgeon who has found early spinal cord compression with myelopathy forming which will likely need surgical intervention.

9.

Further, it is also notable that Plaintiff's Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1). While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012).

10.

On November 5, 2021, Plaintiff's Counsel made a demand for Great West's policy limits.

11.

Moreover, where, as here, Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and

disfigurement" satisfied the jurisdictional amount. In *Patrick v. Texas Roadhouse, Inc.* the Western District of Louisiana, found that the amount in controversy had been met based on plaintiff's claimed damages for past and future pain and suffering, lost wages, medical treatment, and alleged permanent physical impairment and disability in addition to the Louisiana cases cited by defendants awarding damages greater than $75,000 for nonsurgical injuries. *Patrick v. Texas Roadhouse, Inc.,* No. 17-CV-976, 2017. WL 5617845, at 2 (W.D. La. Oct. 5, 2017), *report and recommendation adopted*, No. CV 17-0976, 2017 WL 5616036 (W.D. La. Nov. 20, 2017).

The same is true for Plaintiff's claimed damages here.

12.

If proven, it is likely that Plaintiff's alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts:

In *Hicks v. USAA Gen. Indem. Co.*, a plaintiff filed suit following a motor vehicle rear-end collision, alleging injuries to his neck, back, and arm. 2019-0552 (La. App. 1 Cir. 3/25/21), 2021 WL 1136210. He underwent multiple lumbar procedures, including epidural steroid injections and radio frequency ablations. The court determined that an award of $300,000 for past and future pain and suffering, $300,000 for past and future mental anguish, $55,000 for past and future loss of enjoyment of life, and $55,000 for disability, was not an abuse of discretion.

Plaintiff in an auto accident suffered a disc herniation at L5-S1, central disc herniation at C6-7, and received steroid injections in his neck and back. He was awarded $242,000 in general damages. *Alexander v. Tate,* 2009-844 (La. App. 3 Cir. 2/3/10); 30 So.3d 1122.

A Court awarded $120,000 in general damages to a man who suffered a herniated disc at C6-C7, bulging at C3-C7, lumbar herniated disc displacing the right S-1 nerve root, and a disc

bulge at L3-L4. Plaintiff visited a chiropractor for nearly two years. *Ridgel v. Chevalier,* 2019-0250 (La.App. 4 Cir. 1/8/19), 288 So.3d 192.

A woman was awarded $200,000 in general damages, $108,000 in future wages and past wages of $406,000 as a result of an automobile accident wherein she injured her neck. *Hiue Phuong Hoang v. Thornton Services,* 2015-0749 (La. App. 4 Cir. 4/27/16), 192 So. 3d 864. No surgical intervention was recommended, and she was released back to work at the time of trial. *Id*.

The plaintiff in *Associated Terminals of St. Bernard, LLC, v. Potential Shipping, HK Co.,* was awarded $225,000 in general damages for anterior and posterior changes at the C5-6 level, as well as disc bulges at C4-5 and C6-7 levels, where future surgery was inevitable. 324 F. Supp. 3d 808.

A plaintiff who was diagnosed with two disc bulges, one at C6-7 and one at L4-5, was awarded $75,000 in general damages, where the Plaintiff elected to treat his injuries conservatively. *Hebert v. Boesch,* 2015-1791 (La. App. 1 Cir. 6/3/16), 194. So.3d 798.

A plaintiff brought a personal injury action following a rear-end collision in *Rochel v. Terrebonne Parish Sch. Bd.,* 637 So. 2d 753 (La. Ct. App.), *writ denied,* 9401613 La. 10/7/94), 644 So. 2d 633. The plaintiff complained of neck and back pain and of pain radiating into the left hip and leg. His physician noted "the presence of degenerative disc disease and spondylosis of the cervical and lumbosacral spine," among other cervical and lumbar injuries. *Id.* at 755. The First circuit affirmed the general damages award of $275,000.00

In *Matos v. Clarendon Nat. Ins. Co.,* a plaintiff sustained injuries after being involved in a rear-end collision. 00 2814 (La. App. 1 Cir. 2/15/02), 808 So.2d 841. An MRI revealed disc bulges at L3-4, and L4-5. Plaintiff underwent a microdiscectomy and decompression of the L4-5 and L5-S1 levels. The First Circuit affirmed the trial court's general damage award of $265,000.

In *Renard v. McCloud*, a man brought suit for damages after he was struck by a train. 35, 633 (La. App. 2 Cir. 5/8/02), 818 So.2d 279. Plaintiff was diagnosed with a lumbar disc herniation and eventually underwent surgery to alleviate the pain. The appellate court affirmed the trial court's award of $225,000 in general damages.

13.

It is apparent that Plaintiff's total damages, if proven, as a matter of law and fact, could exceed the sum of $75,000.

**B.     There Is Complete Diversity of Citizenship**

14.

As alleged in his Petition, George Cole, is a citizen of the State of Louisiana. *See* Petition for Damages contained in Exhibit "A," at ¶ 1.

15.

Defendant, Great West Casualty Company is a foreign insurance company incorporated in the State of Nebraska with its principal place of business in South Sioux City, Nebraska. Great West Casualty Company, therefore, is considered a citizen of Nebraska.

16.

Julius Trucking is a sole proprietorship organized under the laws of the State of South Dakota and has principal place of business in South Dakota. As such Julius Trucking is a citizen of South Dakota.

17.

Defendant Scott Julius is an individual domiciled in Vale, South Dakota, and as such he is considered a citizen of South Dakota.

18.

Because Plaintiff is a Louisiana resident and Defendants are considered citizens of Nebraska and South Dakota, complete diversity exists in this action.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

19.

Service of process was made on Great West Casualty Company through service on the Louisiana Secretary of State on April 1, 2022.

20.

Defendants file this Notice of Removal within thirty (30) days from the date of service and within one year after commencement of this action, which was filed on March 18, 2022. This removal is therefore timely.

21.

The United States District Court for the Middle District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

22.

Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Great West Casualty Company, respectfully removes this action, *"George Cole v. Great West Casualty Company, Scott Julius, and Julius Trucking,"* bearing docket number 716932, C, from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

*/s/ Raven Fielding*
_____
**ANDREW D. WEINSTOCK (#18495)**
**RAVEN A. FIELDING (#33125)**
**JOSEPH C. MCALOON (#39977)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 324-0676
andreww@duplass.com
rfielding@duplass.com
jmcaloon@duplass.com
**Counsel for Defendant, Great West Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of April, 2022, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Raven Fielding*
_____
**RAVEN A. FIELDING**